NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251227-U

NO. 4-25-1227

IN THE APPELLATE COURT

FILED
July 27, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MAURICE L. WALLACE, | ) | No. 05CF1160 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

---

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's (1) decision to not appoint counsel regarding defendant's section 2-1401 (735 ILCS 5/2-1401 (West 2024)) petition and (2) dismissal of that petition.

¶ 2    In December 2005, the State charged defendant, Maurice L. Wallace, with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2004)) and two counts of concealment of a homicidal death (*id.* § 9-3.5(c)). In July 2006, defendant pleaded guilty to all counts, and the trial court later sentenced him to natural life in prison.

¶ 3    In May 2025, defendant filed a "petition to vacate judgment under section 2-1401 [(735 ILCS 5/2-1401 (West 2024))]," in which he alleged, in part, that (1) his guilty plea was unlawful and void because he could not have entered a knowing and voluntary guilty plea when the trial court would not allow him to knowingly and voluntarily waive his right to counsel, (2) his guilty plea and sentence violate the one-act, one-crime rule, (3) his trial counsel provided

ineffective assistance, and (4) his sentence was excessively harsh and violated both the federal and state constitutions. Defendant also requested the trial court to appoint counsel for him regarding his section 2-1401 petition.

¶ 4        In August 2025, the State filed a motion to dismiss defendant's petition. The trial court later conducted a hearing on the State's motion, denied defendant's request that the court appoint counsel, and granted the State's motion to dismiss.

¶ 5        Defendant appeals, arguing that the trial court erred by (1) denying his request to appoint counsel to represent him on the section 2-1401 petition and (2) dismissing the petition.

¶ 6        We disagree and affirm.

¶ 7                              I. BACKGROUND

¶ 8        As noted earlier, in July 2006, defendant pleaded guilty to first degree murder and was later sentenced to natural life in prison.

¶ 9                    A. Defendant's Postconviction Petition

¶ 10        In June 2008, defendant first challenged his conviction and sentence by *pro se* filing a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)), in which he argued that the trial court denied him his right to (1) proceed *pro se* and (2) a speedy trial. In July 2008, the trial court dismissed defendant's petition as frivolous and patently without merit.

¶ 11        Defendant appealed, arguing only that the trial court erred by dismissing his postconviction petition because the court had denied him his right to proceed *pro se* at trial. In February 2010, this court rejected that argument and affirmed the trial court's dismissal. *People v. Wallace*, 395 Ill. App. 3d 1137 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23). In our decision, we noted that a trial court may deny a defendant's request to proceed

*pro se* if he engages in serious and obstructionist conduct, citing *People v. Ward*, 208 Ill. App. 3d 1073, 1084 (1991), and we wrote the following:

> "In this case, defendant engaged in exceptionally disruptive and dangerous behavior. Namely, defendant hurled expletives at the trial court, remained in his cell rather than appearing at pretrial hearings, spoke out of turn, spat in the courtroom, and attacked a correctional officer. Because defendant engaged in such exceptionally disruptive and dangerous behavior, we conclude that the court was justified in denying his motion to proceed *pro se*." *Wallace*, 395 Ill. App. 3d 1137.

¶ 12                              B. Defendant's Section 2-1401 Petition

¶ 13          In May 2025, defendant filed the section 2-1401 petition that is the subject of this appeal. The trial court described that petition as follows:

> "[Defendant] alleges that his plea that was entered August 1, 2006 was unlawful and void because he could not have entered a knowing and voluntary plea when the Court would not allow him to knowing and voluntarily waive his right to counsel the week before. [Defendant] asserts his plea and sentence violate the one-act, one-crime rule; [defendant] asserts ineffective assistance of counsel. [Defendant] asserts that his plea bargain resulted in an excessively harsh and retributive sentence and that his sentence of natural life without the possibility of parole violates both the Federal and State Constitutions."

Defendant also requested the trial court to appoint counsel to represent him on this petition.

¶ 14          In August 2025, the State moved to dismiss defendant's section 2-1401 petition. The State also argued that the trial court should not appoint counsel for defendant regarding that

petition.

¶ 15        The State's primary argument in support of dismissal was based upon section 2-1401(c), which requires that a petition must be filed not later than two years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West 2024). In this case, defendant filed his section 2-1401 petition over 18 years after the judgment was entered that his petition addressed.

¶ 16        In the State's motion to dismiss, the State acknowledged that a petition under section 2-1401 is exempt from the statute of limitations' procedural bar for two types of claims: (1) challenges to personal or subject matter jurisdiction and (2) challenges to facially unconstitutional statutes. The State argued that neither of those exemptions applied in this case, asserting as follows:

> "[T]o prevail on a [section] 2-1401 request for relief, 'a movant must prove, by a preponderance of the evidence, (1) the existence of a meritorious claim or defense, (2) due diligence in presenting the claim or defense, and (3) due diligence in filing the petition. *People v. Abtahi*, 2020 IL App (1st) 181631, ¶¶ 14-19. In the present matter, [defendant] has failed to prove any of the three (3) *Abtahi* requirements by a preponderance of the evidence. [Defendant] has not presented a meritorious claim or defense, because the court had both personal and subject matter jurisdiction in [defendant's] case and [defendant] incorrectly argues that his plea and sentence are void. Because [defendant] has no proper voidness claim, [defendant] has not exercised the required due diligence in presenting his claim or defense or in filing his Petition, as he failed to do so within the statutorily required two (2) years from the entry of judgment per 735 ILCS 5/2-1401."

¶ 17          The State also argued that "although [defendant] is arguing various perceived *constitutional violations*, [defendant] has not alleged in any of his arguments that his plea of guilty and sentence are void due to a *facially unconstitutional statute* that was void *ab initio*. [Defendant] is likewise not arguing as-applied constitutional challenges." (Emphases in original.)

¶ 18          In October 2025, the trial court conducted a hearing on the State's motion to dismiss defendant's petition, denied defendant's request to have counsel appointed for him on that petition, and granted the State's motion. In doing so, the court acknowledged that it had the discretion to appoint counsel in this proceeding but determined that this was not a case in which the court chose to do so. In part, the court explained its thinking as follows: "I am going to deny the request for counsel because again I understand where we're at, I understand what the issues are. And you've cited caselaw, you've cited your position, and I feel like I understand where we're at."

¶ 19          The trial court later entered a written order explaining its reason for denying defendant's petition, in which the court stated its agreement with the State's claims that defendant's petition was not timely.

¶ 20          Defendant filed a notice of appeal, and the trial court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on appeal.

¶ 21          OSAD later filed a motion to withdraw, explaining that (1) defendant wished to represent himself in this appeal and (2) defendant and appellate counsel had "irreconcilable differences" and "considerably divergent perspectives on the appeal itself." This court granted OSAD's motion to withdraw, and defendant *pro se* filed his brief on appeal in this case.

¶ 22          This appeal followed.

¶ 23                                        II. ANALYSIS

¶ 24　　　　　Defendant appeals, arguing that the trial court erred by (1) denying his request to appoint counsel to represent him on the section 2-1401 petition and (2) dismissing the petition.

¶ 25　　　　　We disagree and affirm.

¶ 26　　　　　　　　　A. Defendant's Brief in This Case

¶ 27　　　　　As an initial matter, we note that the State contends that defendant's brief violates Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) because defendant's failure to cite to the actual pages of the record "makes it next to impossible for the court to assess whether the facts presented by the defendant are a fair and accurate portrayal of the events of the case." Citing *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77, the State asserts that this court has discretion to strike an appellant's brief and to dismiss an appeal for failure to comply with Rule 341, and the State suggests that this court should do so in this case.

¶ 28　　　　　The State's characterization of defendant's brief is correct, but in the exercise of our discretion, we choose to address this appeal on its merits—or, more aptly stated, the appeal's lack of any merit.

¶ 29　　　　　　　　B. The Trial Court's Decision Not To Appoint Counsel

Regarding Defendant's Section 2-1401 Petition

¶ 30　　　　　Defendant argues that the trial court erred by denying his request to appoint counsel to represent him regarding his section 2-1401 petition. We disagree.

¶ 31　　　　　In *People v. Walsh*, 2025 IL App (4th) 250135-U, ¶¶ 29-30, this court recently addressed the same argument defendant makes in this case. In *Walsh*, the defendant had similarly filed a section 2-1401 petition and requested the trial court to appoint counsel to represent him on that petition. *Id.* ¶¶ 7-8. The court denied that request, and the defendant appealed. *Id.* ¶¶ 8, 11.

¶ 32　　　　　On appeal, this court rejected the defendant's contention that he was entitled to

counsel to represent him on his section 2-1401 petition and wrote the following in explanation:

"An individual 'seeking to collaterally attack a judgment has no constitutional right to the assistance of counsel.' [*People v.*] *Stoecker*, 2020 IL 124807, ¶ 35. Nor does a petitioner have an 'express statutory right to the assistance of counsel when filing a section 2-1401 petition collaterally attacking a judgment,' unlike when filing a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-4 (West 2022)). *Stoecker*, 2020 IL 124807, ¶ 36. Consequently, 'the circuit court is not obligated to appoint counsel in connection with the filing of a section 2-1401 petition, but circuit courts have appointed counsel in these proceedings pursuant to the circuit court's exercise of its discretion.' *Stoecker*, 2020 IL 124807, ¶ 36. 'A trial court commits error when it refuses to exercise that discretion based on the erroneous belief that it does not have discretion.' (Internal quotation marks omitted.) *People v. Kane*, 2013 IL App (2d) 110594, ¶ 21.

In this case, the trial court recognized that it had discretion to appoint counsel for defendant but declined to do so. We cannot say that the court abused its discretion in refusing to appoint counsel in this specific case, where defendant coherently presented his argument to the court and it was clearly not meritorious based on established case law." *Id.* ¶¶ 29-30.

¶ 33 We earlier quoted the trial court's statement regarding its denial of defendant's request for the court to appoint counsel regarding his section 2-1401 petition. That statement clearly revealed that the court understood that it had discretion to appoint counsel but chose to exercise its discretion to not do so.

¶ 34 We conclude that no basis exists to argue that the trial court abused its discretion.

We also conclude that what this court wrote in *Walsh* fully applies in this case, and we reiterate that analysis.

¶ 35        C. The Trial Court's Dismissal of Defendant's Section 2-1401 Petition

¶ 36        Like the trial court, we agree with the argument the State made in this case that defendant's petition should be dismissed because it fell well outside of the two-year statute of limitations. None of the claims in defendant's petition comes close to supporting his assertion that his conviction was a void judgment, a determination the court would need to make to excuse defendant's 18-year tardiness in bringing his claims under section 2-1401.

¶ 37        III. CONCLUSION

¶ 38        For the reasons stated, we affirm the trial court's judgment.

¶ 39        Affirmed.